UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALL L. JOHNSON III,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM SULLIVAN, Warden,<br><br>Respondent. | Case No. CV 20-1198-RGK (PD)<br><br>**ORDER:**<br>**(1) DENYING MOTION FOR STAY; AND**<br>**(2) ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |

On April 16, 2021, the United States Magistrate Judge issued a Report and Recommendation ("Report") that the Petition for Writ of Habeas Corpus be denied and this action be dismissed with prejudice. [Dkt. No. 49.] On May 3, 2021, Petitioner filed his Objections. [Dkt. No. 50.] On May 27, 2021, he filed a Request for a Stay, and on June 1, 2021, he filed a letter withdrawing his stay request. [Dkt. Nos. 52, 53.]

### 1. The Request for Stay is Denied

Petitioner sought to stay this action pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), to "present new evidence in state court on a [Fourth Amendment] violation." [Dkt. No. 52 at 1.] After his filed his request for stay, however, he filed a letter stating that he "[does] not wish to proceed with the stay and abeyance." [Dkt. No. 53.] Accordingly, the Court DENIES the request for a stay on that basis.

The Court also notes that a stay is unwarranted in the case for several reasons. First, Petitioner does not sufficiently identify the claim he seeks to assert in state court, stating only that it involves a Fourth Amendment violation. Second, any Fourth Amendment claim he seeks to raise in state court would likely not be cognizable on federal habeas review. *See Stone v. Powell*, 428 U.S. 465, 494 (1976) (state prisoner may not invoke Fourth Amendment ground for relief on federal habeas review if prisoner had opportunity for "full and fair" consideration of claim in state court). Third, he has not shown the requisite good cause under *Rhines* for failing to exhaust the claim, and there is no reason to believe that good cause exists, as Fourth Amendment claims can be raised on direct review. Fourth, a stay under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), is unwarranted because any Fourth Amendment claim would likely be barred by the statute of limitations, as Petitioner's conviction became final in November 2019,[1] and since that date he has not filed a state habeas petition asserting a Fourth Amendment claim. Finally, his unidentified Fourth Amendment claim would not relate back to

---

[1] Direct review in Petitioner's case proceeded only before the California Court of Appeal, which affirmed his judgment on September 24, 2019. [Dkt. No. 15-5.] Petitioner did not file a petition for review in the California Supreme Court. Accordingly, his conviction became final on November 3, 2019, forty days after the court of appeal affirmed his judgment. *See* Cal. R. Ct. 8.264(b)(1), 8.500(e)(1); *see also Smith v. Duncan*, 297 F.3d 809, 812-13 (9th Cir. 2002). The statute of limitations on any Fourth Amendment claim expired one year later, on November 3, 2020. *See* 28 U.S.C. § 2244(d)(1)(A).

any of the claims that he asserts in his Petition, as none of them involve facts implicating a Fourth Amendment violation. *See* Fed. R. Civ. P. 15(c); *Mayle v. Felix*, 545 U.S. 644, 662-64 (2005) (claims added by amendment relate back to date of original petition's filing only if added claims share common core of operative facts with exhausted claim in the original petition).

**2.     The Petition is Dismissed with Prejudice**

Petitioner does not object to any part of the Report's analysis concerning his grounds for relief. Instead, he asserts numerous challenges to the Report's "Statement of Pertinent Facts" [*see* R. & R. at 3-5], which summarizes the statement of facts from the California Court of Appeal's reasoned decision affirming Petitioner's judgment. [*See* Dkt. No. 15-2 at 2-9.] Petitioner, however, has not shown through clear and convincing evidence that any of the appellate court's factual findings are erroneous. *See Tilcock v. Budge*, 538 F.3d 1138, 1141 (9th Cir. 2008) (citations omitted); 28 U.S.C. § 2254(e)(1). Instead, he by and large relies on his own account of the events underlying his conviction to claim that the victim, her father, and the investigating detective provided false testimony. Petitioner's account is irrelevant because he did not testify at trial.

He also cites preliminary hearing testimony from witnesses relaying statements from the victim, who testified at trial. The cited preliminary hearing testimony does not show that the victim's testimony at trial was false, and Petitioner's selective quotations from the preliminary hearing testimony omit pertinent testimony that both provides context to the quoted portions and supports the court of appeal's findings. The same is true with respect to Petitioner's reliance on selective portions of the victim's testimony to show that she stayed with him by choice. Petitioner omits the victim's testimony showing that, in fact, she stayed with Petitioner because she feared what would happen if she tried to get away and that she actively sought ways to

3

escape him.  Accordingly, his objections are not well-taken.

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file records herein, the Magistrate Judge's Report, and Petitioner's Objections to the Report.  The Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.  The Court accepts the Report and adopts it as its own findings and conclusions.  Accordingly, the Petition is DISMISSED with prejudice.

Further, for the reasons stated in the Report, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right and, therefore, a certificate of appealability is DENIED.  *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

IT IS SO ORDERED.

DATED: June 15, 2021

_____
R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE